UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JUSTINE RAY MANUEL** : **DOCKET NO. 17-cv-1099**
   **DOC # 581477**           **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**JUDY ANN MANUEL, ET AL.** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 4] filed pursuant to 42 U.S.C. § 1983 by Justine Ray Manuel, who is proceeding *pro se* in this matter. Manuel is an inmate in the custody of the Louisiana Department of Safety and Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana. She seeks to proceed *in forma pauperis* in this matter, but has failed to submit a properly completed application. *See* doc. 9.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the claims brought under § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(A), and that any claims intended under state law be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.
BACKGROUND

Manuel brings this suit against various individuals, at least some of whom appear to be family members. *See* doc. 4. Her claims are confusing, but she appears to allege an interest in a

settlement from an asbestos-related civil suit. *Id.* at 3. She also alleges "family fraud on . . . financial matters" and requests that her social security payments be "turned back on." *Id.*

## II.
## LAW & ANALYSIS

### A. Frivolity Review

As she has filed this action under 42 U.S.C. § 1983, Manuel's claims are subject to screening under the Prison Litigation Reform Act. 28 U.S.C. § 1915A. Under that law, a district court is required to review any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee, regardless of whether he has paid the filing fee, and to dismiss same under § 1915A(b)(1) if the complaint is frivolous. *Thompson v. Hayes*, 542 Fed. App'x 420, 420–21 (5th Cir. 2013). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). When determining whether a complaint is frivolous, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Application

Manuel's allegations do not show a violation of a constitutional right, much less that any of the defendants involved is a state actor. Accordingly, her claims lack a basis in law or fact and her suit must be dismissed as frivolous. To the extent that she intends to bring claims under state law, she does not show a basis for this court's jurisdiction and we cannot locate one. Accordingly, any state law claims contained in her complaint should be dismissed without prejudice.

### III.
### CONCLUSION

Ordinarily, a *pro se* litigant should be given the opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1054, 1054 (5th Cir. 1998). Opportunity to amend is not required, however, if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Here no amendment could cure the non-constitutional nature of Manuel's claims.

Accordingly, **IT IS RECOMMENDED** that the claims asserted under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(A) as frivolous. To the extent Manuel intends to assert any claims under state law, these should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE